UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK

JAMES BUSCH,

        Plaintiff,

    v.

TIMOTHY B. HOWARD,
THOMAS DIINA,
DEPARTMENT OF SHERIFF OF
ERIE COUNTY,
COUNTY OF ERIE,
ERIE COUNTY CORRECTIONAL
FACILITY,
ERIE COUNTY HOLDING CENTER,
SHC SERVICES INC.,
JOHN DOES 1-10, and
JOHN DOES 1-10,

        Defendants.

Case No. 1:20-cv-01515

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND
GRANTING LEAVE TO AMEND**
(Doc. 2)

Plaintiff James Busch brings this suit against Defendants Timothy B. Howard,

Thomas Diina, Department of Sheriff of Erie County (the "Sheriff's Department"),

County of Erie, Erie County Correctional Facility, Erie County Holding Center, SHC

Services Inc., John Does 1-10, intended to be the individuals/officers responsible for

supervising the Plaintiff (the "John Doe Deputies"), and John Does 1-10, intended to be

the individuals/medical professionals responsible for providing medical care to Plaintiff

while he was incarcerated (the "John Doe Medical Professionals") (collectively, with the

exception of SHC Services Inc., the "moving Defendants").[1]

Plaintiff's claims arise from his contraction of Hepatitis A while at the Erie County Holding Center and the Erie County Correctional Facility and Defendants' alleged negligence in providing him care in response to an allegedly known Hepatitis A outbreak at those facilities. In a four-count Complaint, Plaintiff alleges negligence (Count I); violations of 42 U.S.C. § 1983 (Count II); *respondeat superior* and vicarious liability against Defendants County of Erie, Thomas Diina, and Timothy B. Howard (Count III); and conspiracy to deprive him of his constitutional rights (Count IV). Pending before the court is the moving Defendants' motion to dismiss the Complaint. (Doc. 2.)

Plaintiff is represented by Blake Joseph Zaccagnino, Esq. The moving Defendants are represented by Anthony B. Targia, Esq.

## I.    Allegations in the Complaint.

Plaintiff is a resident of the County of Erie and of the State of New York. Beginning on August 8, 2019, Plaintiff was in custody and under the supervision of Defendants and housed in the Erie County Holding Center and the Erie County Correctional Facility. Plaintiff alleges that in 2019, while he was in these facilities, there was a known Hepatitis A outbreak at each of them. According to an October 8, 2019, press release from the Erie County Department of Health, symptoms of Hepatitis A include fatigue, abdominal pain and discomfort, low-grade fever, dark urine, and yellowing of the skin and eyes. The onset of symptoms typically appears between fifteen and fifty days following exposure.

During the last two weeks of October 2019, Plaintiff began to complain of symptoms associated with Hepatitis A including fatigue, abdominal pain and discomfort, a fever, dark urine, and yellowing of the skin and eyes. He reported these symptoms to Defendants and alleges that, in response, "[h]e was told that he was dehydrated" and "to drink water and to take Tylenol." (Doc. 1-1 at 10, ¶ 22.) Following his initial report of

---

[1] Defendant SHC Services, Inc. did not join in the pending motion nor has it filed its own motion to dismiss.

symptoms, his condition worsened. He reported his worsening symptoms to Defendants and told them he needed to go to the emergency room. "His request was denied." *Id.* at 11, ¶ 23.

On October 23, 2019, Plaintiff was hospitalized at the Erie County Medical Center and was diagnosed with Hepatitis A. Plaintiff remained in the hospital until November 1, 2019. He alleges that he unknowingly contracted the virus from objects, food, or drinks provided by Defendants which were "contaminated by stool from an infected person[.]" *Id.* at 11, ¶ 24. During his hospitalization, Plaintiff was interviewed by a representative from the Erie County Department of Health who disclosed that the Hepatitis A outbreak was known to Defendants prior to Plaintiff's reports of symptoms. Plaintiff further alleges that he sustained "severe and permanent injuries" as a result of Defendants' negligence and "will continue to incur medical . . . expenses related to his care, treatment, and attempted cure[.]" *Id.* at 13, ¶ 31. As a result of his injuries, he alleges his earning capacity has been impaired.

In Count I, Plaintiff alleges that while he was incarcerated, Defendants negligently failed to provide him with adequate medical and mental health care by, among other things, failing to properly supervise and observe him; improperly screening and evaluating his risk; allowing untrained employees to screen inmates for risk of injury; and negligently supervising employees in the performance of their duties.

In Count II, he asserts that Defendants violated 42 U.S.C. § 1983 by failing to adequately treat him and by delaying his medical care and that Defendants County of Erie, Thomas Diina, Sheriff's Department, and Timothy B. Howard, violated 42 U.S.C. § 1983 by negligently hiring, training, supervising, and retaining staff.

Count III asserts *respondeat superior* and vicarious liability for the tortious conduct of John Does 1-10 and representatives of SHC Services, Inc. against Defendants County of Erie, Thomas Diina, Sheriff's Department, and Timothy B. Howard.[2]

---

[2] Plaintiff refers to John Does 1-10 without specifying whether he intends to refer to John Doe Deputies or John Doe Medical Professionals.

In Count IV, Plaintiff asserts that Defendants conspired "together with their agents, servants and/or employees . . . to undertake a course of conduct that violated [his] civil rights[.]" *Id.* at 30, ¶ 96. He requests punitive damages based on Defendants' alleged deliberate indifference and malice toward him.

The moving Defendants seek dismissal of the Complaint, arguing that Plaintiff's claims sounding in tort against Defendant Sheriff's Department and those employed by the Sheriff's Department, Superintendent Diina, Erie County Correctional Facility, and Erie County Holding Center are barred by the one-year statute of limitations set forth in N.Y. C.P.L.R. § 215(1).

Defendant County of Erie separately contends that, under New York law, the doctrine of *respondeat superior* does not impose liability on it for actions taken by Defendant Sheriff's Department and that Defendant County of Erie does not hire, train, supervise or retain Defendant Sheriff's Department deputies.

Defendants Erie County Holding Center, Erie County Correctional Facility, and Sheriff's Department move to dismiss all counts against them because each is a "non-jural entity" that cannot sue or be sued.

Finally, all moving Defendants assert that Plaintiff's allegations regarding violations of 42 U.S.C. § 1983 are conclusory and do not satisfy the plausibility pleading requirements. On October 30, 2020, Plaintiff opposed the motion to dismiss. (Doc. 3.) Defendants did not file a reply.

## II. Conclusions of Law and Analysis.

### A. Standard of Review.

Plaintiff correctly asserts that the court should construe the Defendants' motion as a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) because Defendants filed an answer to Plaintiff's Complaint. *See Patel v. Contemp. Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001) ("[A] motion to dismiss for failure to state a claim (or one of the other non-waivable defenses under Rule 12(h)) that is styled as arising under Rule 12(b) but is filed after the close of pleadings, should be construed by the district court as a motion for judgment on the pleadings under Rule 12(c).") (footnote

4

omitted).

"In deciding a Rule 12(c) motion, [the court] employ[s] the same standard applicable to dismissals pursuant to Fed. R. Civ. P. 12(b)(6)." *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010) (internal quotation marks omitted). The sufficiency of a plaintiff's complaint is evaluated using a "two-pronged approach[.]" *Id.* at 161 (internal quotation marks omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). First, the court discounts legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements[.]" *Iqbal*, 556 U.S. at 678. Second, the court considers whether the factual allegations, taken as true, "plausibly give rise to an entitlement to relief." *Id.* at 679.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. The court does not "weigh the evidence" or "evaluate the likelihood" that a plaintiff will prevail on his or her claims. *Christiansen v. Omnicom Grp., Inc.*, 852 F.3d 195, 201 (2d Cir. 2017); *see also Kardovich v. Pfizer, Inc.*, 97 F. Supp. 3d 131, 140 (E.D.N.Y. 2015) ("[I]ssues of fact, credibility, and the weight of the evidence are not properly considered on a motion to dismiss[.]").

### B. Whether Plaintiff's State Law Claims Against the Sheriff-Related Defendants are Barred by the Statute of Limitations.

The Sheriff-related Defendants assert that, pursuant to N.Y. C.P.L.R. § 215(1), Plaintiff's claims under New York law against the Sheriff or those in the Sheriff's employ are barred because the statute of limitations commenced on August 8, 2019, the first day Plaintiff was in their custody, and Plaintiff's action was not filed until more than one year later on September 16, 2020.

N.Y. C.P.L.R. § 215(1) provides: "[t]he following actions shall be commenced within one year: 1. an action against a sheriff, coroner or constable, upon a liability incurred by him by doing an act in his official capacity or by omission of an official duty, except the non-payment of money collected upon an execution[.]" "The one-year limitation governing actions against a sheriff (CPLR 215[1] ) applies equally to his

deputies[.]" *Kingston v. Erie Cnty.*, 505 N.Y.S.2d 9, 9 (N.Y. App. Div. 1986) (citation omitted). "In addition, Gen. Mun. L. § 50–i provides that, in addition to the notice of claim requirement, a tort claim against a county must be brought within one year and ninety days after the happening of the event upon which the claim is based." *Houghton v. Cardone*, 295 F. Supp. 2d 268, 280 (W.D.N.Y. 2003).

Under New York law, "the statute of limitations generally begins to run when a cause of action accrues[.]" *B.F. v. Reprod. Med. Assocs. of New York, LLP*, 30 N.Y.3d 608, 613, 92 N.E.3d 766 (2017). A claim accrues "when all of the facts necessary to the cause of action have occurred so that the party would be entitled to obtain relief[.]" *Aetna Life & Cas. Co. v. Nelson*, 67 N.Y.2d 169, 175, 492 N.E.2d 386 (1986).

Plaintiff alleges that he was unaware that he had contracted Hepatitis A or of the outbreak until October 23, 2019, and that he had symptoms related to Hepatitis A "[i]n the last weeks of October 2019[.]" (Doc. 1-1 at 10, ¶ 22.) Because Plaintiff alleges that that he contracted Hepatitis A within one year and within one year and ninety days of when he filed his Complaint, the statute of limitations does not bar his claim. In the alternative, he argues that because he was granted leave to serve a late notice of claim on June 24, 2020, he had until September 29, 2020 to file his claim.

This court must accept Plaintiff's well-pleaded factual allegations as true for purposes of Defendants' motion. Because the court cannot find as a matter of law that Plaintiff's state law claims are untimely as they appear to have been filed within a year of the accrual of his cause of action and within one year and ninety days of the happening of the event upon which his claims are based, the moving Defendants' motion for judgment on the pleadings as to Plaintiff's claims against the Sheriff-related Defendants on the grounds that they are time-barred is DENIED. *See Deswal v. U.S. Nat. Ass'n*, 603 F. App'x 22, 24 (2d Cir. 2015) (holding that "a statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint").

### C.    Whether *Respondeat Superior* and Vicarious Liability are Available Against Defendant County of Erie.

Because "[r]espondeat superior is not an independent cause of action, but a theory

6

that must attach to an underlying claim[,]" Plaintiff may not assert a stand-alone *respondeat superior* claim. *Alexander v. Westbury Union Free Sch. Dist.*, 829 F. Supp. 2d 89, 112 (E.D.N.Y. 2011); *see also Biswas v. City of New York*, 973 F. Supp. 2d 504, 540 (S.D.N.Y. 2013) ("Under New York law, *respondeat superior* 'does not stand alone as a substantive cause of action.'") (quoting *Donelli v. Cnty. of Sullivan*, 2009 WL 2365551, at *12 n. 10 (S.D.N.Y. July 31, 2009)). The court does not dismiss Count I on this basis because it provides an alternative theory of recovery for Plaintiff's negligence claims.

Defendant County of Erie asserts that regardless of how it is framed, it not liable under theories of *respondeat superior* and vicarious liability for the alleged tortious actions undertaken by other named and unnamed Defendants. New York's Constitution "allows a county to accept responsibility for the negligent acts of the Sheriff[,]" *Marashian v. City of Utica*, 626 N.Y.S.2d 646, 647 (N.Y. App. Div. 1995), however, it does not "impose liability upon the county for the acts of the Sheriff or his deputies on a theory of respondeat superior[.]" *Id.* For this reason, a county "may not be held responsible for the negligent acts of the Sheriff and his deputies on the theory of respondeat superior, in the absence of a local law assuming such responsibility[.]" *Villar v. Cnty. of Erie*, 5 N.Y.S.3d 747, 748 (N.Y. App. Div. 2015) (internal quotation marks omitted) (quoting *Marashian*, 626 N.Y.S.2d at 646); *accord Mosey v. Cnty. of Erie*, 984 N.Y.S.2d 706, 709 (N.Y. App. Div. 2014).

Plaintiff cites N.Y. County Law § 54 as the local law authorizing *respondeat superior* liability:

§ 54. Personal liability of heads of agencies

No head of any agency, department, bureau, or office of a county shall be liable to respond in damages to the county or to any other person for any act or omission of any employee of the county employed within the agency, department, bureau, or office of which he is such head. Any lawful claims which but for this section would be claims against such head of an agency, department, bureau, or office shall be lawful claims against the county and shall be deemed to be the liability of the county. Nothing contained herein, however, shall be deemed to relieve the head of any agency, department, bureau, or office of liability to the county or to any other person for his own act or omission to act, nor be deemed to impose any new liability upon the

county for any act or omission of such head of any agency, department, bureau, or office to which the county was not lawfully subject prior to the taking effect of this act.

In *DiJoseph v. Erie Cnty.*, 2020 WL 4194136, at *10 (W.D.N.Y. July 21, 2020), the court held that N.Y. County Law § 54 does not constitute a local law imposing vicarious liability:

> Plaintiff has argued that the proper party is Erie County because, under County Law § 54, any claim that can be lodged against the head of a department (here, the Sheriff) is lawfully against the County . . . . The County's relationship with the Sheriff historically is more complicated than simply assigning department head liability to the municipal government under the County Law. The State Constitution's long time exclusion of County responsibility or liability for its Sheriff's acts (*cf.* N.Y. Const. art. XIII, § 13(a) (1988)) now is manifest in allowing a County to opt-in and agree to be responsible for such liability by enactment of local law, *Marashian, supra,* 214 A.D.2d at 1034, 626 N.Y.S.2d at 647. Plaintiff has not alleged that Erie County has enacted a local law adopting *respondeat superior* liability here and, as noted above, courts have held that no such Erie County local law exists. The only local law Erie County has enacted is an indemnification provision and not one adopting vicarious liability, *Saleh[ v. Cnty. of Erie],* 2015 U.S. Dist. LEXIS 47166, at *19 [(W.D.N.Y. Apr. 10, 2015)]. Plaintiff has not established the County's assumed vicarious liability, *see id.* at *21, 439 N.Y.S.2d 549, 555.

*Id.* The court agrees with the *DiJoseph* court's analysis and finds that N.Y. County Law § 54, which defines the personal liability of the heads of agencies, is not a local law authorizing *respondeat superior* liability for Defendant County of Erie.[3] Section 54 specifically states that "[n]othing contained herein, however, shall be deemed . . . to impose any new liability upon the county for any act or omission of such head of any agency, department, bureau, or office to which the county was not lawfully subject prior to the taking effect of this act." As the *DiJoseph* court found, a vicarious liability claim

---

[3] The court in *DiJoseph v. Erie Cnty.*, 2020 WL 4194136, at *9-*10 (W.D.N.Y. July 21, 2020) distinguished *Davis v. Erie Cnty. Sherriff Dept.*, 2019 WL 4926289 (W.D.N.Y. Oct. 7, 2019) and *Brown v. County of Erie*, 2013 WL 885993 (W.D.N.Y. Mar. 8, 2013), on the basis that those cases were brought pursuant to Title VII, which does not impose individual liability. Claims in *Davis* were asserted against the Sherriff's Department, but the court recharacterized them as claims against the County.

did not exist prior to Section 54's enactment and did not exist thereafter.

For the foregoing reasons, Defendant County of Erie's motion for judgment on the pleadings on Plaintiff's negligence claim to the extent it is based on *respondeat superior* is GRANTED.

### D. Whether Claims Against Defendants Erie County Holding Center, Erie County Correctional Facility, and Sheriff's Department Must be Dismissed Because They are "Non-jural Entities."

Defendants assert that no claims may be brought against Defendants Erie County Holding Center, Erie County Correctional Facility, and Sheriff's Department because each is a "non-jural entity" incapable of "su[ing] or being sued[.]" (Doc. 2-2 at 8.) The court agrees.

"It is well settled that, under New York law, 'departments which are merely administrative arms of a municipality, do not have a legal identity separate and apart from the municipality and cannot sue or be sued.'" *Pierce v. Chautauqua County*, 2007 WL 2902954, at *3 (W.D.N.Y. Sept. 28, 2007); *see also Johnson-Schmitt v. Robinson*, 990 F. Supp. 2d 331, 340 n.2 (W.D.N.Y. 2013) (noting that the "[d]efendants correctly assert that the Erie County Sheriff's Department is not a separate legal entity capable of being sued individually"); *McKenzie v. Cnty. of Erie*, 2013 WL 5348084, at *1-2 (W.D.N.Y. Sept. 23, 2013) (holding that the Erie County Holding Center is a mere "administrative arm of the County, and therefore lack[s] the capacity the be sued"); *Tulloch v. Erie Cnty. Holding Ctr.*, 2010 WL 2609054, at *2 (W.D.N.Y. June 24, 2010) ("[C]laims against the Erie County Holding Center must be dismissed because the Erie County Holding Center is merely an arm of the County, and does not have a legal identity separate and apart from the County and thus cannot be sued."); *Wargula v. Erie Cnty. Sheriff Dept.*, 2010 WL 376402, at *2 (W.D.N.Y. Jan. 25, 2010) (dismissing claims brought directly against Erie County Sheriff's Department and Erie County Correctional Facility because they are not independent entities subject to suit).

Because Plaintiff may not assert a claim against Defendants Erie County Holding Center, Erie County Correctional Facility, and Sheriff's Department as each is a non-jural

entity incapable of being sued, Defendants' motion for judgment on the pleadings for all claims asserted against those Defendants is GRANTED and those Defendants are hereby DISMISSED from this lawsuit.

### E. Whether Plaintiff's 42 U.S.C. § 1983 Claims Against the Individual Moving Defendants are Plausible.

The moving Defendants seek judgment on Plaintiff's claim under 42 U.S.C. § 1983 because Plaintiff fails to allege "what happened to him was unconstitutional . . . [or] when he was subjected to the alleged unconstitutional acts[,]" (Doc. 2-2 at 10.) The moving Defendants further argue that Plaintiff fails to allege their personal involvement in any alleged constitutional violation.

As a threshold issue, Plaintiff's claims of "negligent hiring[,]" "negligent training and supervision[,]" and "negligent retention[,]" must be dismissed because a "[p]laintiff cannot bring a negligence claim under 42 U.S.C. § 1983[.]" *Cruz v. New York*, 24 F. Supp. 3d 299, 311 (W.D.N.Y. 2014); *see also Poe v. Leonard*, 282 F.3d 123, 145 (2d Cir. 2002) (concluding that "mere negligence is insufficient as a matter of law to state a claim under section 1983"); *Martin v. City of New York*, 2012 WL 4569757, at *1 (E.D.N.Y. Sept. 29, 2012) (holding that "because mere negligence cannot support a § 1983 action, the complaint must be dismissed").[4] Judgment on the pleadings is therefore GRANTED in the moving Defendants' favor on Plaintiff's negligence claims to the extent they are brought pursuant to 42 U.S.C. § 1983.

With regard to Plaintiff's remaining § 1983 claim based on failure to treat,

---

[4] *See also League of Women Voters of Ohio v. Brunner*, 548 F.3d 463, 476 (6th Cir. 2008) (concluding that "allegations of mere negligence will not sustain an action under § 1983"); *Sanders v. City of Grandview*, 2014 WL 12601034, at *17 (W.D. Mo. Feb. 12, 2014) ("Claims that allege no more than negligence fail to allege a claim under § 1983 as a matter of law."); *Lewis v. Texas Tech Univ. Health Sci. Ctr.*, 2007 WL 313318, at *2 (N.D. Tex. Feb. 1, 2007) ("By alleging medical malpractice or negligence, plaintiff has not stated a claim of constitutional dimension. . . . To the extent plaintiff is seeking to vindicate a medical malpractice or negligence claim under section 1983, plaintiff's claims against defendants . . . lack an arguable basis in law and are frivolous."); *Muhammed v. Lone Star Coll. Sys.*, 2011 WL 3502397, at *3 (S.D. Tex. Aug. 10, 2011) ("Negligence is not a constitutional violation and therefore cannot support a section 1983 claim.").

Plaintiff alleges violations of his Eighth and Fourteenth Amendment rights. "A pretrial detainee's claims of unconstitutional conditions of confinement are governed by the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishments Clause of the Eight Amendment." *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). However, because Plaintiff does not allege whether he was a pretrial detainee or detained following a conviction, the court will analyze his § 1983 claim under both standards.

The Eighth and Fourteenth Amendments forbid "deliberate indifference to serious medical needs of prisoners[.]" *Spavone v. New York State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013) (internal quotation marks omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *Davis v. Cnty. of Nassau*, 355 F. Supp. 2d 668, 674 (E.D.N.Y. 2005) ("The Fourteenth Amendment has been held to afford pretrial detainees at least as much protection from cruel detention conditions as the Eighth Amendment affords postconviction prisoners from cruel punishment."). To state a claim under the Eighth Amendment on the basis that a defendant has failed to prevent harm, a plaintiff must plead: "(a) conditions of confinement that objectively pose an unreasonable risk of serious harm to their current or future health, and (b) that the defendant acted with 'deliberate indifference.'" *Vega v. Semple*, 963 F.3d 259, 273 (2d Cir. 2020) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Deliberate indifference under the Eighth Amendment means the official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

To state a claim of deliberate indifference under the Due Process Clause of the Fourteenth Amendment, a plaintiff must allege:

> (a) conditions that objectively pose an unreasonable risk of serious damage to . . . health; and (b) that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, *or should have known*, that the

condition posed an excessive risk to health or safety.

*Vega*, 963 at 273-74 (internal footnote, citations, quotation marks omitted). Under the Fourteenth Amendment, deliberate indifference "is said to be defined objectively." *Id.* at 274.

In his Complaint, Plaintiff alleges that in the last two weeks of October 2019 he reported symptoms of fatigue, abdominal pain and discomfort, fever, dark urine, and yellowing of his skin and eyes. After his initial report, his symptoms worsened and he told Defendants that he needed to go to the emergency room but was denied care. Ultimately, he was hospitalized for his symptoms for approximately one week. Plaintiff alleges, upon information and belief, that Defendants knew about a Hepatitis A outbreak and did nothing to prevent his exposure to it. These allegations are sufficient to plausibly plead a constitutional violation that the moving Defendants deliberately disregarded the serious risks of harm that the Hepatitis A outbreak posed to Plaintiff's health and well-being.

In order to allege a violation under § 1983, a plaintiff must plausibly allege a defendant's personal involvement in the constitutional violation. *See Patterson v. Cnty. of Oneida, N.Y.*, 375 F.3d 206, 229 (2d Cir. 2004) (holding "a plaintiff must establish a given defendant's personal involvement in the claimed violation in order to hold that defendant liable in his individual capacity under § 1983"). In his Complaint, Plaintiff's allegations regarding personal involvement of the moving Defendants are conclusory and reflect impermissible "group pleading." *Gonzalez v. Yepes*, 2019 WL 2603533, at *7 (D. Conn. June 25, 2019) ("As a corollary of the personal involvement requirement, complaints that rely on 'group pleading' and 'fail to differentiate as to which defendant was involved in the alleged unlawful conduct are insufficient to state a claim.'") (quoting *Adamou v. Cnty. of Spotsylvania, Va.*, 2016 WL 1064608, at *11 (S.D.N.Y. Mar. 14, 2016)); *Wright v. Orleans Cnty.*, 2015 WL 5316410, at *13 (W.D.N.Y. Sept. 10, 2015), *report and recommendation adopted*, 2015 WL 13660397 (W.D.N.Y. Oct. 27, 2015) (finding that in the context of the personal involvement requirement under § 1983, "[p]leadings that fail to differentiate as to which defendant was involved in the alleged

unlawful conduct are insufficient to state a claim").

Because Plaintiff has not plausibly alleged the personal involvement of any of the individual moving Defendants, their motion for judgment on the pleadings is GRANTED with regard to Plaintiff's § 1983 claims.

### F. Whether Plaintiff Plausibly Alleges Municipal Liability Against Defendant County of Erie.

Under *Monell*, a municipality may be liable under § 1983 for its employees' unconstitutional actions "if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality." *Jones v. Town of E. Haven*, 691 F.3d 72, 80 (2d Cir. 2012). To assert a *Monell* claim, a plaintiff must plead: "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Wray v. City of N.Y.*, 490 F.3d 189, 195 (2d Cir. 2007) (citing *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983)). "The mere assertion that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference." *Cotto v. City of New York*, 803 F. App'x 500, 503 (2d Cir. Mar. 13, 2020) (alteration and quotation marks omitted) (quoting *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995)). For this reason, "boilerplate language echoing the requirements contained in *Monell*[,]" *Green v. City of Mount Vernon*, 96 F. Supp. 3d 263, 302 (S.D.N.Y. 2015), will not suffice.

Plaintiff's asserts that "the policies and procedures, and the willful and wanton conduct of defendants . . . reflect a reckless and careless disregard and deliberate indifference for the rights of the [P]laintiff[.]" (Doc. 1-1 at 21, ¶ 63.) Although "[a] plaintiff is not required to identify an express rule or regulation in order to establish a *Monell* claim, and a court may infer a municipal policy from acts or omissions of the municipality's policy makers, . . . in the absence of other evidence, a 'single incident of errant behavior is an insufficient basis for finding that a municipal policy caused plaintiff's injury.'" *JF v. Carmel Cent. Sch. Dist.*, 168 F. Supp. 3d 609, 617 (S.D.N.Y. 2016) (quoting *Sarus v. Rotundo*, 831 F.2d 397, 402 (2d Cir. 1987); *see DeCarlo v. Fry*, 141 F.3d 56, 61 (2d Cir. 1998) (concluding that "a single incident alleged in a complaint,

especially if it involved only actors below the policy-making level, does not suffice to show a municipal liability").

Because Plaintiff's *Monell* allegations are wholly conclusory, Defendant County of Erie's motion to dismiss for failure to plausibly plead a *Monell* claim is GRANTED.

### G. Leave to Amend.

Pursuant to Fed R. Civ. P. 15(a), courts "should freely give leave" to amend a complaint "when justice so requires." Fed. R Civ. P. 15(a). However, "[l]eave may be denied 'for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.'" *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)).

Because at this point the court cannot find that Plaintiff's claims would be futile, and because there is no other ground on which to deny leave to amend, Plaintiff is hereby GRANTED leave to amend within twenty (20) days of the date of this Opinion and Order consistent with the Federal Rules of Civil Procedure and this court's Local Rules.

## CONCLUSION

For the foregoing reasons, the court GRANTS IN PART and DENIES IN PART the moving Defendants' motion for judgment on the pleadings. (Doc. 2.) The court hereby dismisses: Plaintiff's negligence claim against Defendant County of Erie to the extent that claim is based on *respondeat superior*, as set forth in Count I; Plaintiff's 42 U.S.C. § 1983 claim against the moving Defendants, as set forth in Count II; Plaintiff's *respondeat superior* and vicarious liability claim, as set forth in Count III; and all claims against Defendants Erie County Holding Center, Erie County Correctional Facility, and Sheriff's Department. Plaintiff is GRANTED leave to amend within twenty (20) days of the date of this Opinion and Order consistent with the Federal Rules of Civil Procedure and this court's Local Rules.

SO ORDERED.

Dated this 13th day of July, 2021.

Christina Reiss, District Judge
United States District Court